## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NATHAN DICKEY,

     Plaintiff,

vs.                                                                      No. CIV 20-0656 JB\CG

CURRY COUNTY
ADULT DETENTION CENTER,

     Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Nathan Dickey's failure to submit an initial partial filing fee, as 28 U.S.C. § 1915(b)(1) requires.  The Honorable Carmen Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Dickey to make a $46.73 initial payment towards the filing fee in this civil case.  <u>See</u> Order Granting In Forma Pauperis Relief at 1, filed August 27, 2020 (Doc. 5)("IFP Order").  Because Dickey has not complied with the IFP Order and has severed contact with the Court following his release from jail, the Court will dismiss this case without prejudice.

### BACKGROUND

Dickey was previously detained at the Curry County Detention Center ("Curry Detention").  <u>See</u> Untitled Letter Complaint,  ¶ ¶ 1, 6, at 1, filed July 2, 2020 (Doc. 1)("Letter Complaint").  On July 2, 2020, he filed an Untitled Letter Complaint challenging his conditions of confinement at Curry Detention.  <u>See</u> Letter Complaint ¶ ¶ 1-11, at 1-2.  Specifically, Dickey alleges certain pods at Curry Detention feature mold, rust, possible asbestos, and bird droppings, and that he experiences health problems as a result of the unsanitary living conditions.  <u>See</u> Letter

Complaint ¶¶ 2-7, at 1-2.   Dickey asks the Court to send Larry Barker from Channel 7 news to conduct an investigative report.   <u>See</u> Letter Complaint at 2.   He also appears to seek an injunction requiring a health screening for inmates.   <u>See</u> Letter Complaint ¶ 8, at 2.

By an Order of Reference Relating to Prisoner Cases, filed on July 7, 2020 (Doc. 2), the Court referred the matter to Chief Magistrate Judge Garza for recommended findings and disposition, and to enter non-dispositive orders.   <u>See</u> Order of Reference Relating to Prisoner Cases (Doc. 2).   Chief Magistrate Judge Garza initially directed Dickey to prepay the $400.00 filing fee or, alternatively, file a motion to proceed in forma pauperis.   <u>See</u> Order to Cure Deficiency, filed July 14, 2020 (Doc. 3)("Deficiency Order").   Dickey complied, and Chief Magistrate Judge Garza granted leave to proceed in forma pauperis.   <u>See</u> IFP Order at 1. Such relief reduces the filing fee to $350.00 and allows plaintiffs to pay in installments.   <u>See</u> IFP Order at 1 (citing 28 U.S.C. § 1915).   Pursuant to 28 U.S.C. § 1915(b)(1)(A), Chief Magistrate Judge Garza also assesses an initial partial payment of $46.73 and directs Dickey to submit that amount by September 27, 2020.   <u>See</u> IFP Order at 1-2.   The IFP statute requires an initial partial payment in prisoner cases.   <u>See</u> 28 U.S.C. § 1915(b).   The amount represents "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."   28 U.S.C. § 1915(b).   The IFP Order warns that, if Dickey fails to timely make the initial partial payment, the Court will dismiss the Letter Complaint without further notice.   <u>See</u> IFP Order at 2.   <u>See also</u> Letter Complaint, ¶¶ 1-11, at 1-3.

Rather than comply, Dickey seeks reconsideration of the IFP Order.   <u>See</u> Motion [to] Reconsider [In] Forma Pauperis, filed September 4, 2020 (Doc. 6)("Motion to Reconsider").

Dickey alleges that he cannot afford to pay any amount because of his incarceration, but he does not to elaborate further or contest the IFP Order's determination regarding his income.  <u>See</u> Motion to Reconsider at 1-2.  By an Order entered September 10, 2020, Chief Magistrate Judge Garza denies the Motion to Reconsider, in part, but extends the payment deadline by thirty days, in the event of a financial hardship.  <u>See</u> Order Extending Payment Deadline, filed September 10, 2020 (Doc. 7)("Extension Order").  The Extension Order again warns that, if Dickey fails to submit timely the $46.73 payment, the Court will dismiss his case without further notice.  <u>See</u> Extension Order at 2.

The extended deadline to submit the initial partial payment is October 27, 2020.  <u>See</u> Extension Order at 2.  Dickey has not complied or otherwise responded, and Curry Detention returned the Extension Order as undeliverable with the notation "Released."  Mail Returned as Undeliverable, filed September 24, 2020 (Doc. 8).  In addition to his nonpayment, he also was released from custody without providing a forwarding address, as the local rules require.  <u>See</u> D.N.M. LR-Civ. 83.6 (stating that pro se parties have a continuing duty to notify the Court of their current address).

## <u>ANALYSIS</u>

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b). <u>See</u> <u>AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.</u>, 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of

- 3 -

Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Dickey has not submitted an initial partial payment, as 28 U.S.C. § 1915(b)(1)(A), the IFP Order, and the Extension Order all require.  He also has not responded to the Extension Order and has severed contact with the Court without providing a forwarding address.  In light of

- 4 -

these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.   See Olsen v. Mapes, 333 F.3d 1199 at 1204.   The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center.

**IT IS ORDERED** that the Plaintiff's Untitled Letter Complaint, filed July 2, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgement disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Nathan Dickey
Clovis, New Mexico

   *Pro se Plaintiff*